UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HILDA SERRANO, ) | |
| ) | |
| Plaintiff, ) | Case No. 14-cv-7678 |
| v. ) | |
| ) | Judge John W. Darrah |
| VAN RU CREDIT CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Hilda Serrano filed suit against Defendant Van Ru Credit Corporation in the Northern District of Illinois on October 1, 2015. Plaintiff alleges that Defendant's debt collection actions violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and seeks to recover damages. Plaintiff and Defendant both separately move for an entry of summary judgment against the other party pursuant to Federal Rule of Civil Procedure 56. For the following reasons, both Plaintiff's and Defendant's motions for summary judgment are denied.

## BACKGROUND

The following facts are taken from the parties' statements of material facts submitted in accordance with Local Rule 56.1.

Plaintiff Hilda Serrano is a citizen of the State of New York. Defendant Van Ru Credit Corporation is an Illinois corporation that is licensed as a debt collection agency in the state of Illinois and uses mail and/or the telephone to collect debts. Plaintiff incurred a debt to Discover and failed to pay it back. Defendant attempted to collect that delinquent consumer debt by sending Plaintiff collection letters, dated May 14, 2014, and June 19, 2014. On July 18, 2014,

Defendant received a fax from Legal Advocates for Seniors and People with Disabilities ("LASPD"), which stated in relevant part:

> [p]lease be advised that we represent Hilda Serrano regarding your firm's attempt to collect the above-referenced debt . . . We ask that you, or the creditor you represent, review the attached affidavit from Ms. Serrano . . . Ms. Serrano's income is protected from levy, attachment or garnishment by Federal law. Moreover, there is no income available for any payment arrangement or settlement. Accordingly, our client refuses to pay any debt that you are attempting to collect and we request that you cease all further collection activities and direct all future communications to our office.

(Dkt. 21 Exh. 4.) This letter was accompanied by a consent form and affidavit of income and expenses. On August 4, 2014, Defendant sent Plaintiff another collection letter.

Plaintiff filed a complaint on October 1, 2014, alleging that Defendant contacted her directly in an attempt to collect a debt after she had informed them that she was represented by an attorney and that she refused to pay the debt. Plaintiff contends that this contact violated § 1692c(c) and § 1692c(a)(2) of the FDCPA. On October 30, 2014, Defendant filed an answer to Plaintiff's Complaint, raising two affirmative defenses: that Plaintiff's dispute may be subject to binding arbitration and that any violation of the FDCPA was unintentional and the result of bona fide error.

## LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the initial burden of establishing that there is no genuine issue of material fact and must inform the district court of the basis of its motion and identify the documents "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). All reasonable inferences are drawn in the light most favorable to the nonmoving party. *Herzog v. Graphic Packaging Intern., Inc.*, 742 F.3d 802, 805 (7th Cir. 2014).

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* Local Rule 56.1(b)(3)(C) permits the nonmovant to submit "any additional facts that require the denial of summary judgment . . . ." To overcome summary judgment, "the nonmoving party must file a response to each numbered paragraph in the moving party's statement." *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. *Id.* A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). If the nonmovant's response only provides extraneous or argumentative information, the response will fail to constitute a proper denial of the fact, and the fact will be admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005).

Legal conclusions or otherwise unsupported statements, including those that rely upon inadmissible hearsay, will be disregarded. *See First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). If the responding party fails to comply with Rule 56.1, its

"additional facts may be ignored, and the properly supported facts asserted in the moving party's submission are deemed admitted." *Gbur v. City of Harvey, Illinois*, 835 F. Supp. 2d 600, 666 (N.D. Ill. 2011). Substantial compliance is not enough; parties must strictly comply with the rule. *See Ammons*, 368 F.3d at 817.

## ANALYSIS

As both parties move for summary judgment against the other party, Plaintiff's and Defendant's motions will be addressed separately here.

*Relevant Law*

Section 1692c of the FDCPA regulates debt collectors' communications in connection with the collection of a debt. The statute prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. 15 U.S.C. § 1692c(c). Section 1962c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. 15 U.S.C. § 1692c(a)(2). The FDCPA provides debt collectors with an affirmative defense of bona fide error. 15 U.S.C. § 1692k(c). To assert a defense of bona fide error, the debt collector must show that it maintained reasonable processes and procedures to prevent such error. *See Kort v. Diversified Collection Services, Inc.*, 394 F.3d 530, 537 (7th Cir. 2005).

*Plaintiff's Motion for Summary Judgment*

Plaintiff argues that Defendant sent the August 4, 2014, collection letter after receiving notification that Plaintiff was represented by counsel and that she refused to pay the Discover Card debt. Plaintiff contends that this was a violation of the FDCPA and that Defendant is liable

4

for actual and statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k. Defendant argues that Plaintiff has not proven that she was represented by an attorney or that Defendant had actual knowledge that Plaintiff had representation at the time the letter was sent.

It is undisputed that Defendant received a fax from LASPD, informing them that Plaintiff refused to pay the Discovery Card debt and that they should cease communicating with her. It is also undisputed that Defendant sent Plaintiff a collection letter after receiving that fax. At issue is whether the fax constituted notice to Defendant that Plaintiff had attorney representation. Defendant argues that Plaintiff was never represented by an attorney within the meaning of the FDCPA because the wording of the fax indicated that LASPD only provided "limited representation," and that Plaintiff did not speak to an attorney at the organization. However, the fax plainly stated that Defendant should "be advised that [LASPD] represent[s] Hilda Serrano regarding your firm's attempt to collect the above-referenced debt" and was signed by Edward Grossman, an attorney. It also stated that LASPD is a nationwide program of the Chicago Legal Clinic, Inc., which provides low-cost legal services to the public. Defendant further argues that LASPD's stated goal of persuading creditors and third-party collectors to cease collection efforts somehow disqualifies it from also providing legal representation. This argument is unconvincing. The fax stated that LASPD provides legal services, was signed by an attorney, and specifically stated that the organization represented Plaintiff. Therefore, the fax constituted notice that Plaintiff had attorney representation; and Defendant had knowledge of this representation at the time the August 4, 2014 collection letter was sent.

*Defendant's Affirmative Defenses*

Defendant argues that this dispute may be subject to binding arbitration, but does not provide any argument or facts in support of this affirmative defense. Instead, Defendant focuses on the argument that their contact with Plaintiff was a bona fide error and as such, no liability can attach. The FDCPA allows a debt collector to avoid liability if it can show by a preponderance of evidence that: (1) the violation was not intentional; (2) the violation resulted from a bona fide error; and (3) the maintenance of procedures reasonably adapted to avoid any such error. *See Ruth v. Triumph P'Ships*, 577 F.3d 790, 803 (7th Cir. 2009); *see also Kort v. Diversified Collection Servs.*, 394 F.3d 530, 537 (7th Cir. 2004) (citing *Jenkins v. Heintz*, 124 F.3d 824, 834 (7th Cir. 1997)).

Defendant contends that a former correspondence clerk either misunderstood LASPD's fax or notated the account for "power of attorney" instead of "attorney representation" by mistake. Plaintiff disputes this contention and also argues that Defendant did not maintain reasonable procedures and processes to prevent mistakes in coding, specifically, whether correspondence clerks are properly trained on the distinction between "power of attorney" and "attorney representation" and whether management provides proper review of clerk performance. These disputes present genuine issues of material fact such that a jury could return a verdict for Defendant. Thus, Plaintiff's Motion for Summary Judgment is denied.

*Defendant's Motion for Summary Judgment*

The arguments presented in Defendant's Motion for Summary Judgment are almost identical to the arguments Defendant presented in its Response to Plaintiff's Motion for Summary Judgment. Defendant contends that LASPD did not represent Plaintiff within the meaning of the FDCPA, that Plaintiff waived her section 1692c(c) claim by instructing

Defendant to direct all future communications to the LASPD office, and that Defendant is entitled to the bona fide error defense with respect to its alleged FDCPA violations. As stated above, Plaintiff was represented by counsel at the time Defendant sent the August 4, 2014 collection letter. LASPD's July 18, 2014 fax constituted notice to Defendant that Plaintiff had attorney representation, and Defendant had knowledge of that fact.

Defendant cites *Medeiros v. Client Servs., Inc.,* No. 09 CV 6170, 2010 WL 3283050, at *3 (N.D. Ill. Aug. 17, 2010) to support its argument that Plaintiff waived her section 1692c(c) claim. However, the plaintiff in *Medeiros* waived his claim that communication with his counsel constituted a violation of section 1692c(c), not his claim that communication with the plaintiff, himself, was a violation. In this case, Defendant communicated with Plaintiff, not her counsel, thus, *Medeiros* is inapposite and unpersuasive.

Finally, as noted above, there are genuine issues of material fact as to whether Defendant is entitled to the bona fide error defense. Therefore, Defendant's Motion for Summary Judgment is denied. As there are issues of material fact in this case, Defendant's argument that Plaintiff has failed to establish actual damages will not be addressed here.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment [16] and Defendant's Motion for Summary Judgment [22] are denied.

Date: September 3, 2015

JOHN W. DARRAH
United States District Court Judge

7